**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **YONNY PIEDRA-LARIOS,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 65536-019,** | : | **28 U.S.C. § 2255** |
| **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:13-CR-457-TWT-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:15-CV-4520-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Yonny Piedra-Larios, confined in the Federal Correctional Institution in Talladega, Alabama, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in criminal action number 1:13-cr-457-TWT-AJB-1. [Doc. 23.][1] The Government filed a motion to dismiss the § 2255 motion as untimely. [Doc. 27.] On June 16, 2016, the undersigned issued an Order (1) explaining that the § 2255 motion appears to be timely, and (2) requiring the Government either to supplement the motion to dismiss or withdraw it and file an alternative response. [Doc. 29.] On August 1, 2016, the Government filed an alternative response without addressing the motion to dismiss. [Doc. 32.] Accordingly, the undersigned

---

[1]     Citations to the record in this Final Report and Recommendation refer to case number 1:13-cr-457-TWT-AJB-1.

**RECOMMENDS** that the motion to dismiss be **DENIED AS MOOT**. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

## I.    28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557,

558 (5th Cir. 1980)[2]).  The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous."  *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II.   <u>Discussion</u>

In an indictment returned on November 19, 2013, Movant was charged with illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) & (b)(2). [Doc. 1.]  On January 8, 2014, Movant pleaded guilty.  [Doc. 13.]  On March 25, 2014, the District Court sentenced Movant to seventy-seven months of imprisonment, followed by one year of supervised release.  [Doc. 17.]  Movant did not appeal.  He

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

timely executed his § 2255 motion on March 3, 2015.  [Doc. 23 at 10.][3]

Movant claims that his sentence is excessive and he should not be subject to deportation because (1) similar, unspecified offenders received lower sentences, (2) he has a "good family background, [a] high school education, family support, [and] was about to enter the Marines," (3) "there was no physical evidence," (4) certain immigration laws have changed in the last two years, and (5) his parents are U.S. citizens.  [*Id.* at 9-10.][4]

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error."  *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).  "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this

---

[3]     The § 2255 motion was not received and filed in this Court until December 31, 2015.  [Doc. 23 at 1.]

[4]     As the Government explains in its response, Movant's parents are naturalized U.S. citizens, but the applicable law does not authorize citizenship for Movant on the basis of his parents' naturalizations.  [Doc. 32 at 3-5.]

AO 72A
(Rev.8/8
2)

factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235.  To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted).  "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

As the Government correctly points out, Movant's grounds for relief are procedurally defaulted because he failed to (1) file a direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence.  [Doc. 32 at 2-3.][5] Accordingly, Movant should be denied § 2255 relief.

---

[5]      Movant notes that "the Court did not give [him] a Spanish-speaking . . . attorney." [Doc. 23 at 8.]  However, Movant does not claim that his attorney provided ineffective assistance.

### III.   <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

AO 72A
(Rev.8/8
2)

A COA should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."   Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**IV.**   **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that:   (1) the Government's motion to dismiss, [Doc. 27], be **DENIED AS MOOT**; (2) Movant's § 2255 motion, [Doc. 23], be **DENIED**; (3) a COA be **DENIED**; and (4) civil action number 1:15-cv-4520-TWT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this   28th   day of October, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)